IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA U.S.A. INC., | No. C 02-1786 JSW |
| Plaintiff, | |
| v. | **ORDER DENYING VISA U.S.A. INC.'S MOTION TO DISMISS FIRST DATA'S COUNTERCLAIMS** |
| FIRST DATA CORP.; FIRST DATA RESOURCES; and FIRST DATA MERCHANT SERVICES CORPORATION, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS / | |

Now before the Court is Visa U.S.A. Inc.'s ("Visa") motion to dismiss the counterclaims filed by defendants First Data Corporation, First Data Resources, and First Data Merchant Services Corporation (collectively "Defendants" or "First Data") pursuant to Federal Rule of Civil Procedure 12(b)(6). Having carefully considered the parties' arguments and the relevant legal authority, the Court hereby denies Visa's motion to dismiss for the reasons stated at the hearing and as follows.

As the parties concede, Rule 12(b)(6) motions are disfavored and dismissal is proper only where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Fidelity Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1435 (9th Cir. 1986). The Court must accept the allegations as pleaded as true and must not question First Data's ability to prove those allegations. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896,

898 (9th Cir. 1986).

First Data raises nine counterclaims: (1) monopolization pursuant to the Sherman Act, Section 2; (2) attempted monopolization, also pursuant to Sherman 2; (3) Tying pursuant to the Sherman Act, Section 1; (4) state antitrust violations under the Cartwright Act, Cal. Bus. & Prof. Code § 16700 *et seq.*; (5) California Unfair Competition under Cal. Bus. & Prof. Code § 17200 *et seq.*; (6) defamation; (7) trade libel; (8) interference with prospective economic advantage; and (9) breach of contract. Following review of First Data's counterclaims and the parties' arguments the Court finds that First Data has alleged facts, which if established, state all of the necessary elements for all nine of its counterclaims.

First Data properly alleges facts to support claims for both monopolization and attempted monopolization pursuant to Section 2 of the Sherman Act. "The offense of monopoly . . . has two elements: (a) possession of monopoly in the relevant market and (b) the willful acquisition of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966). First Data's counterclaim for monopolization alleges that Visa possess a monopoly in the relevant market – Visa credit card network services – and is willfully maintaining power. *See Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 481 (1992). The claim seeking relief for attempted monopolization alleges that Visa has engaged in predatory or anticompetitive conduct with a specific intent to monopolize and a dangerous probability of achieving monopoly power. *See Spectrum Sports v. McQuillan*, 506 U.S. 447, 456 (1993). These allegations satisfy the pleading requirements of attempted monopolization. *See id.*

First Data's Sherman Act, Section 1 tying claim properly alleges facts, which if proven at trial would entitled Defendants to relief. Generally speaking, a successful Sherman Section 1 tying claim requires proof of an agreement by defendant to sell a product only on the condition that the buyer additionally purchase a separate product. *See N. Pac. Ry. v. United States*, 356 U.S. 1, 5-6 (1958). Here, First Data alleges that Visa ties its credit card network system and services to the use of its trademark. First Data's counterclaim additionally alleges that Visa has

2

sufficient economic power with respect to the tying product and that a substantial amount of commerce in the tied market is affect. *See Robert's Waikiki U-Drive*, *Inc. v. Budget Rent-A-Car Sys.*, *Inc.*, 732 F.2d 1403 (9th Cir. 1984). In addition to the tying claim, First Data alleges that Visa improperly engaged in acts of coercion and intimidation in violation of the Cartwright Act. These allegations are sufficient to survive Visa's Rule 12(b)(6) motion. *See Davis v. Pacific Bell*, 204 F. Supp. 2d 1236 (N.D. Cal. 2002).

California's Unfair Competition Law, California Business & Professions Code § 17200, establishes three varieties of unfair competition – acts or practices that are unlawful or unfair or fraudulent. Because the law is stated in the disjunctive, it contemplates three distinct categories of unfair competition and a plaintiff must plead the specific rubric under which the proscribed conduct falls. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal. 4th 163, 180 (Cal. 1999). Here First Data's alleged violations of the various antitrust laws discussed above sufficiently serve as the underlying predicate for the Section 17200 claim.

Finally, First Data states several state law counterclaims seeking relief for defamation, trade libel, interference with prospective economic advantage and breach of contract. Following review of these counterclaims, the Court finds that First Data has alleged sufficient facts to state claims for these violations. As for the tort claims, First Data alleges that Visa published factual statements, both in writing and orally, that are false and unprivileged, which resulted in pecuniary loss to First Data. These allegations satisfy the pleading requirements for (a) defamation, s*ee* Cal. Civ. Code § 44-46; *see also Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (Cal Ct. App. 1999) (setting forth the elements of defamation as "the intentional publication of a statement of fact that is false [and] unpublished"); (b) trade libel, *see Erlich v. Etner*, 224 Cal. App. 2d 69, 73 (1964) (stating that California law defines trade libel as "an intentional disparagement of the quality of property [or a product], which results in pecuniary damage); *see also Aetna Cas. & Surety Co. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988) (setting forth elements of trade libel, including (1) a false publication, (2) which induces others not to deal with the plaintiff, and (3) special damages); and (c) interference with prospective economic advantage, *see ComputerXpress Inc. v. Jackson*, 93 Cal. App. 4th 993, 1014 (Cal. App. Ct.

1  2001) ("Like the tort of trade libel, interference with prospective economic advantage requires
2  false statements of fact."). As for the breach of contract counterclaim, First Data alleges the
3  existence of a contract, performance by First Data, a breach by Visa, and damages. These
4  allegations overcome Visa's Rule 12(b)(6) motion. *See First Commercial Mortgage Co. v.*
5  *Reece*, 89 Cal. App. 4th 731, 745 (2001).

6  In sum, the Court finds that First Data has alleged facts, which if established, state all of
7  the necessary elements for all nine of its counterclaims. Several of the arguments raised in
8  Visa's motion to dismiss are more appropriately raised in the context of a motion for summary
9  judgment where the Court looks beyond the four corners of the pleadings and the sufficiency of
10 the bare allegations. In accordance with the foregoing, Visa's motion to dismiss First Data's
11 counterclaims is DENIED.

12 **IT IS SO ORDERED.**

14 Dated: August 11, 2004                    /s/ Jeffrey S. White
                                              JEFFREY S. WHITE
15                                            UNITED STATES DISTRICT JUDGE