United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA U.S.A., INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FIRST DATA CORPORATION, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-02-1786 JSW (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH DISCOVERY OBLIGATIONS**<br>**(Docket No. 688)** |

　　　　Visa has filed a motion asking the Court to order First Data to comply with its discovery obligations. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby rules as follows.

A.　　Third Payment Network

　　　　In its reply brief and at the hearing on the motion, Visa agreed that this dispute was moot. *See, e.g.*, Reply at 1 ("[a]ssuming First Data maintains its representation at next Wednesday's hearing, Visa accepts that nothing more can be accomplished on this topic at this time").

B.　　Sixth Set of RFPs

　　　　First Data has confirmed that the Direct product is synonymous with First Data Net intraprocessing capabilities and that it has produced "documents sufficient to show its development costs, and actual and projected sales, revenues and profits, from its lost intraprocessing opportunities *including Direct*." Opp'n at 4-5 n.4 (emphasis in original). Accordingly, this dispute is moot.

　　　　First Data also stated that it believes it has produced documents sufficient to show the costs and revenues for *any* product or service for which it is claiming damages (including products other

than Direct, Balance, View, Ledger, and Ease).[1]  If First Data has not already produced high level documents relating to finances of products and services other than intraprocessing for which First Data claims damages (*i.e.*, interchange overcharges and overcharges for processing fees), then it shall produce such documents within 15 days of this Order.  Otherwise, it shall state that all such documents have already been produced.

C. <u>Fifth Set of RFPs (STAR and Concord Documents)</u>

At the hearing, Visa conceded that the only remaining dispute regarding the Fifth Set of RFPs was whether First Data should be compelled to produce documents related to the percentage of United States debit transactions routed through STAR/Concord.  Although the parties may dispute what constitutes the market for "United States debit transactions," First Data, STAR, and/or Concord should produce to Visa any documents created since the merger (*i.e.*, post-February 2004) that discuss the percentage of such transactions routed through STAR/Concord.  This information is relevant to the issue of market share and therefore market power.  First Data, STAR, and/or Concord need not, of course, produce any responsive document that is privileged.  Nor need such parties engage in calculations not already completed and embodied in an existing document.

D. <u>Rogs Nos. 51-52, 55, and 59</u>

At the hearing, Visa stated that responses had been provided to Rogs Nos. 51-52 and 55.  Visa further stated that it would withdraw its motion to compel regarding Rog No. 59.  Accordingly, these disputes are moot.

///
///
///
///
///
///
///

---

[1] First Data is not claiming damages for Balance, View, Ledger, or Ease.

For the foregoing reasons, Visa's motion to compel is granted in part and denied in part (as moot).

This order disposes of Docket No. 688. It also disposes of Docket No. 490 (regarding the Fifth and Sixth Set of RFPs), which the Court previously deferred ruling on.

IT IS SO ORDERED.

Dated: May 11, 2005

/s/
EDWARD M. CHEN
United States Magistrate Judge