UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA U.S.A., INC., | No. C-02-1786 JSW (EMC) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND DENYING AS MOOT DEFENDANT'S MOTION FOR SANCTIONS** |
| v. | |
| FIRST DATA CORPORATION, *et al.*, | **(Docket Nos. 729, 733)** |
| Defendants. / | |

First Data has filed a motion to compel compliance with prior court orders along with a motion for sanctions. This order memorializes the agreements reached by the parties.

**I.   DISCUSSION**

A.   <u>Documents Related to Concord Merger (RFP No. 200)</u>

Regarding the ten documents identified by First Data, Visa has agreed to provide a chart so that First Data can match the Bates numbers from the Concord litigation with the Bates numbers in this litigation.

Regarding the seven redacted documents, Visa has agreed to remove the redactions it made of the identities of the banks.

B.   <u>Financial Documents (RFPs Nos. 201-03)</u>

1.   <u>Costs, Profitability, and Revenues for (a) Network Processing Services and (b) VIPP, VAPP, and MDEX</u>

Visa shall provide a declaration, confirming that Visa authorizes, clears, and/or settles only Visa-branded transactions with some "non-material exceptions" identified in its opposition to the

motion to compel. Opp'n at 8 n.5. In the declaration, Visa shall also quantify for First Data the extent of those non-material exceptions (*e.g.*, 5 percent of total transactions processed through Visa Net).

Visa shall produce documents, to the extent that they exist, that provide a breakdown between signature debit and credit transactions.

Visa shall certify to First Data that a diligent search was conducted for documents showing a breakdown for VIPP, VAPP, and MDEX but that no such documents were located.

2. <u>Annual Totals for "Network Processing" Fees and "Card Services Fees" and Dollar Volume and Number of Transactions for (a) Issuers 1-25 and (b) All Issuers</u>

As above, Visa shall provide a declaration, confirming that Visa authorizes, clears, and/or settles only Visa-branded transactions with some "non-material exceptions" identified in its opposition to the motion to compel. Opp'n at 8 n.5. In the declaration, Visa shall also quantify for First Data the extent of those non-material exceptions (*e.g.*, 5 percent of total transactions processed through Visa Net).

Visa shall certify to First Data that the documents produced do not include PIN debit information.

3. <u>Annual Totals for "Network Processing" Fees, "Card Services" Fees, and "Interchange" Fees and Grand Total of Fees and Dollar Volume and Number of Transactions for Merchants and Supermarkets for Credit and Debit</u>

Visa shall certify that Merchant Category Code 5411 represents supermarkets.

Visa has agreed to produce documents, to the extent they exist, that provide a breakdown between signature debit and credit.

C. <u>Motion for Sanctions</u>

In light of the above, First Data has agreed that its motion for sanctions is not necessary. The motion is therefore denied as moot.

///

///

///

## II.　CONCLUSION

For the foregoing reasons, the Court grants First Data's motion to compel and denies as moot its motion for sanctions. Visa shall produce responsive documents and provide the necessary declarations/certifications by Tuesday, May 24, 2005.

This order disposes of Docket Nos. 729 and 733.

IT IS SO ORDERED.

Dated: May 19, 2005

EDWARD M. CHEN
United States Magistrate Judge

3