United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA U.S.A. INC., a Delaware corporation,<br><br>    Plaintiff and Counterdefendant,<br><br>    v.<br><br>FIRST DATA CORPORATION, a Delaware corporation; FIRST DATA RESOURCES, INC., a Delaware corporation; and FIRST DATA MERCHANT SERVICES CORPORATION, a Florida corporation,<br><br>    Defendants and Counterclaimants.<br>_____/ | No. C 02-01786 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS ON VISA'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 5, 2005 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively DENIES** Visa's motion for summary judgment establishing that Visa is a single entity as to authorization, clearing and settlement of Visa transactions.

The parties will each have 15 minutes to address the following questions:

(1) Doesn't Visa's ban on use of First Data's services restrain competition among its member-competitors, as some banks would have a market advantage over the other banks if they could pay less for the authorization, clearing and settlement ("ACS") process from First Data? Doesn't Visa's ban prevent its bank members from potentially buying a service for less, with the effect of limiting competition as between the bank members on lowering transaction costs for the service?

(2) Is the issue of whether Visa is a single entity as to the authorization, clearing and settlement of Visa transactions a matter of fact or law?

    (a) As to the establishment of undisputed facts, Visa only proffers a declaration by its Executive Vice President of Interchange Strategy, William Sheedy, and in response to First Data's evidentiary objections to his lay opinion testimony, claims that the "facts" as to which he testifies are not material. Are there disputed material facts?

    (b) Why is paragraph 12 of the Sheedy declaration inadmissible lay testimony if VISA relies upon it for the premise of its legal argument that the ACS system is a network function, or "a function that needs to be performed precisely because a network has been created"? Even if the statement is admissible, is it disputed?

    (c) What material facts does First Data contend remain to be tried with respect to the single entity issue?

(3) Is Visa's argument that because ACS is a necessary or core function of the Visa network, and therefore not an individual function of its participant members, Visa acts as a single entity vis-a-vis ACS merely tautological? Even if it is true that the ACS system would not exist without interconnectivity of horizontal competitors, can the Court find that those competitors, when left to their own devices, might compete in the marketplace for a lower priced service?

(4) Should the Court grant Visa's motion, what effect would such a ruling have on First Data's antitrust counterclaims? How would such a finding have any bearing on the Section 2 claims?

(5) Do the parties wish to address any additional issues?

**IT IS SO ORDERED.**

Dated: August 3, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE