IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA U.S.A. INC., a Delaware corporation,<br><br>      Plaintiff and Counterdefendant,<br><br>  v.<br><br>FIRST DATA CORPORATION, a Delaware corporation; FIRST DATA RESOURCES, INC., a Delaware corporation; and FIRST DATA MERCHANT SERVICES CORPORATION, a Florida corporation,<br><br>      Defendants and Counterclaimants.<br>_____/ | No. C 02-01786 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS ON FIRST DATA'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 5, 2005 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS IN PART AND DENIES IN PART** First Data's motion for partial summary judgment of Visa's trademark claims. The Court tentatively finds

that Visa, U.S.A. lacks standing under 15 U.S.C. § 1114, but may have standing to sue under 15 U.S.C. § 1525(a).

The parties will each have 15 minutes to address the following questions:

(1) In the few instances in which an exclusive licensee is afforded standing to sue under Section 32, 15 U.S.C. § 1114, not only does the operative license agreement confer an exclusive license, but the agreement also grants the exclusive licensee a property interest in the trademark or rights that amount to those of an assignee. *See, e.g., Ultrapure Systems, Inc. v. Ham-let Group*, 921 F. Supp. 659, 665-66 (N.D. Cal. 1996); *see also* Restatement (Third) of Unfair Competition § 33 cmt. d (1995) (licensees are precluded from maintaining an action under Section 32 unless the transaction can be characterized as an assignment). The record is undisputed that Visa International did not confer an exclusive license to Visa, U.S.A. and never granted a property interest or rights that amounted to those of an assignee. Neither the contract, nor the alleged oral modification, nor the later confirmation in writing confers either an exclusive license or property rights to Visa, U.S.A. How does Visa, U.S.A. contend that it has standing under Section 32 as an exclusive licensee with ownership interests, or an assignee, of the mark?

(2) The license agreement between Visa International and Visa, U.S.A. explicitly provides that Visa International "shall have the sole right to engage in infringement or unfair competition proceedings involving the Mark." (*See* License Agreement, Schur Declaration, Exh. N, ¶ 6.)

    (a) Even if the permission to sue in this particular matter was a valid modification of the parties' agreement, in order to qualify as a legal representative, does Visa, U.S.A. have to demonstrate that it has a duty to sue in all disputes involving the trademark?

    (b) Does the October 22 letter embody an agreement that Visa International would give up any rights to this particular lawsuit in exchange for Visa, U.S.A.'s promise to indemnify it? Can that constitute an agreement to designate Visa, U.S.A. as its legal representative?

(3) How does First Data respond to the reasoning in *Nakajima All Co. v. SL Ventures, Corp.*, 2001 WL 641415, *2 (N.D. Ill. June 4, 2001), in which the district court determined that plaintiff had standing to sue under Section 43(a), 15 U.S.C. § 1125(a), because although the license agreement explicitly prohibited the right to sue, plaintiff was able to demonstrate that it had received express permission to do so? Why is this reasoning insufficient to distinguish the present matter from the holding in *Finance Investment Co. (Bermuda) v. Geberit AG*, 165 F.3d 526, 531-32 (7th Cir. 1998)?

(4) Is the oral modification of the 1977 license agreement valid because it has been fully performed?

(5) Do the parties wish to address any additional issues?

**IT IS SO ORDERED.**

Dated: August 4, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2