IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA U.S.A. INC., a Delaware corporation,<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>FIRST DATA CORPORATION, a Delaware corporation; FIRST DATA RESOURCES, INC., a Delaware corporation; and FIRST DATA MERCHANT SERVICES CORPORATION, a Florida corporation,<br><br>    Defendants and Counterclaimants. | No. C 02-01786 JSW<br><br>**ORDER GRANTING FIRST DATA'S MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIMS AND FOR PERMISSIVE JOINDER OF UMS AS COUNTERCLAIMANT** |

Now before the Court is the motion for leave to file second amended counterclaims and for permissive joinder of Unified Merchant Services ("UMS") by Counterclaimants First Data Corporation, First Data Resources Inc. and First Data Merchant Services Corporation (collectively "First Data"). Having considered the parties' pleadings and relevant legal authority, the Court finds this matter to be suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b).

**ANALYSIS**

**A.   Legal Standard on Leave to Amend.**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Once a responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of

the court. In accordance with the Federal Rule's liberal pleading standard, leave of the Court "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, and futility of amendment. *See Forman v. Davis*, 371 U.S. 178, 230 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986).

**B.     Legal Standard on Permissive Joinder of Additional Parties.**

Federal Rule of Civil Procedure 20 is construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits. "Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Rule 20(a) imposes two specific requisites for the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

**C.     First Data's Amendments.**

The Court informed the parties during its hearing on the parties' cross motions for partial summary judgment held on August 5, 2005, that First Data's proposed amendments would be permitted in the absence of a showing by Visa of futility. Having failed to demonstrate futility, the Court finds that the amendments are proper. In addition, the Court finds that the amendments to the pleading are not the result of bad faith or undue delay. *See Forman*, 371 U.S. at 230. Further, the Court finds that the joinder of UMS as a counterdefendant is proper. *See League to Save Lake Tahoe*, 558 F.2d at 917. However, as both parties agree, the undersigned is not fully apprised of the status of discovery in this matter, which has been referred to Magistrate Judge Chen. Therefore, with regard to the question of

whether further discovery, if any, is necessary in order to avoid prejudice to Visa, the Court defers to Magistrate Chen.

Within 10 days of the issuance of this Order, Visa should submit to Magistrate Chen an opening brief of no more than 10 pages detailing the extent and time estimate for any further discovery it claims to be necessary as a result of the amendments. First Data shall submit a response of no more than 10 pages within 10 days of the opening brief. Visa shall have 5 days from the receipt of the opposition to submit a reply, if any, not to exceed 5 pages. If necessary, Magistrate Chen will set out a date for hearing the matter by separate order.

## CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS First Data's motion for leave to file their second amended counterclaims and for permissive joinder of UMS. In order to address any potential prejudice to Visa as a result of the amendments, this Court refers the issue of whether further discovery, if any, is appropriate.

**IT IS SO ORDERED.**

Dated: September 19, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE