UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA U.S.A., INC., <br><br>             Plaintiff, <br><br>     v. <br><br> FIRST DATA CORPORATION, *et al.*, <br><br>             Defendants. <br> _____/ | No. C-02-1786 JSW (EMC) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART VISA'S REQUEST FOR FURTHER DISCOVERY IN REGARD TO SECOND AMENDED COUNTERCLAIM** <br> **(Docket No. 1011)** |

Having considered the papers filed in support of and in opposition to Visa's request for additional discovery, and good cause appearing therefor, the Court hereby orders as follows.

Although coming late, discovery is still governed by the liberality afforded by Fed. R. Civ. P. 26(b). Balanced against the burden of responding at this late stage is the fact that a Second Amended Counterclaim has been filed. *See* Docket No. 1017 (second amended counterclaim, filed on 10/6/05). Moreover, the stakes in this case are substantial. Accordingly, this Court is inclined to permit discovery sought if occasioned by the Second Amended Counterclaim, even if the relevance of disputed matters could have been anticipated earlier, so long as the request is for discovery relevant within the meaning of Rule 26(b) and reasonable in scope.

    1. **Additional 30(b)(6) deposition regarding "Interchange Overcharge" allegations.** Visa may take such depositions consistent with this Court's order of August 5, 2005. The deposition may cover subject matters raised by the newly produced documents, but shall focus solely on First Data's damages theory based on interchange fees.

2. **UMS discovery.** Visa is entitled to the discovery as requested since UMS is a new party. If all documents responsive to Visa's request have been produced, UMS may so certify. As for the deposition of a UMS representative, the parties should meet and confer as to whether that person should be Mr. Goldsberry or another individual.

3. **VIPP program.** Visa is entitled to additional discovery as to documents responsive to the four subjects identified on pages 3 and 4 of its opening memorandum. As to items (3) and (4), production shall be limited to high-level documents. As to items (1) and (2), production shall not include every conceivably relevant documents, but only documents sufficient to show the identity of such banks and communications specifically about the refusal.

4. **"On-Us" transactions.** Visa shall obtain documents responsive to items (3) and (5) on page 4 of its opening memorandum dated on or after October 1, 2004. If First Data stipulates that it is not seeking damages, it need not produce documents responsive to the other items.

5. **"Real Time Data" offer.** Visa is entitled to the requested documents (if any exists beyond that already produced by First Data) if the depositions of First Data's designated non-retained experts do not suffice.

6. **"Lost profits."** Visa is entitled to high-level documents regarding unexpended investment costs and marginal costs in order to determine lost profits.

7. **Further 30(b)(6) depositions.** With the exception of the deposition of a UMS representative, as discussed above, the Court shall not at this time permit additional 30(b)(6) depositions.

IT IS SO ORDERED.

Dated: October 26, 2005

EDWARD M. CHEN
United States Magistrate Judge

2