IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA U.S.A. INC., a Delaware corporation,<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>FIRST DATA CORPORATION, a Delaware corporation; FIRST DATA RESOURCES, INC., a Delaware corporation; and FIRST DATA MERCHANT SERVICES CORPORATION, a Florida corporation,<br><br>    Defendants and Counterclaimants.<br>_____/ | No. C 02-01786 JSW<br><br>**TENTATIVE RULING AND QUESTIONS RE FIRST DATA'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SINGLE ENTITY AFFIRMATIVE DEFENSE AND SUMMARY JUDGMENT ON REMAINING CLAIMS** |

       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 6, 2005 AT 9:00 A.M.:

       The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively** GRANTS First Data's motion for partial summary judgment denying Visa's single entity defense, **tentatively** DENIES the motion for summary judgment on the breach of contract and declaratory relief claims, and RESERVES on the issue of bifurcation.

The parties shall have 25 minutes to address the following questions:

1. Where in the record does Visa proffer evidence raising a material dispute regarding the factors necessary for the single entity determination: economic unity, potential and actual member competition, and the decision-making structure and function of the Visa system? What evidence in the record contradicts this Court's previous finding that the member banks lack a common economic interest and stand in direct competition with one another, in various aspects, including the pricing of the services for the processing of the banks' credit and debit cards?

2. The parties agree that a "function-specific" analysis is required for the single entity determination. Is the function at issue here purchasing network processing or providing network processing? Does the Court analyze the member banks as potential buyers of the service or, in their role as Visa members, therefore as sellers of the service?

3. What injury, beside damage to reputation, does Visa claim it endured as a result of First Data's alleged breach of contract? What evidence in the record supports Visa's claim for damages? Is the claim for damages sufficient to qualify for the constitutional right to a jury trial?

4. Is the issue of bifurcation appropriate to determine at the motion for summary judgment stage? Is it true that an initial trial of First Data's claims will obviate the need to hear Visa's claims at all? Why does First Data move for bifurcation instead of moving pretrial to modify the order of proof?

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: December 8, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2