| | |
|---|---|
| M. Laurence Popofsky (Cal. SBN 33946) | Geraldine M. Alexis (Cal. SBN 213341) |
| Stephen V. Bomse (Cal. SBN 40686) | Beth H. Parker (Cal. SBN 104773) |
| HELLER EHRMAN LLP | David P. Chiappetta (Cal. SBN 172099) |
| 333 Bush Street | BINGHAM McCUTCHEN LLP |
| San Francisco, CA 94104-2878 | Three Embarcadero Center |
| Telephone: (415) 772-6000 | San Francisco, California 94111-4067 |
| Facsimile: (415) 772-6268 | Telephone: (415) 393-2000 |
| | Facsimile: (415) 393-2286 |
| Robert L. Stolebarger (Cal. SBN 230495) | Attorneys for FIRST DATA CORPORATION, FIRST DATA RESOURCES INC., AND FIRST DATA MERCHANT SERVICE CORPORATION |
| Richard J. Mooney (Cal. SBN 176486) | |
| HOLME ROBERTS & OWEN LLP | |
| 560 Mission St., 25th Floor | |
| San Francisco, CA 94105 | |
| Telephone: (415) 268-2000 | |
| Facsimile: (415) 268-1999 | |

Attorneys for VISA U.S.A. INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VISA U.S.A. INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION, a Delaware corporation; FIRST DATA RESOURCES, INC., a Delaware corporation; and FIRST DATA MERCHANT SERVICES CORPORATION, a Florida corporation,<br><br>Defendants.<br>AND RELATED COUNTERCLAIMS. | Case No. C-02-1786 JSW (EMC)<br><br>[PROPOSED] **FOURTH AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION**<br><br>The Honorable Jeffrey S. White |

[PROPOSED] FOURTH AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
*Visa U.S.A. Inc. v. First Data Corporation, et al.*, C02-1786 JSW EMC

#23005 v1

The discovery in this case will require disclosure by all parties of highly competitive and confidential information concerning the payment card industry including proprietary technical information concerning the parties' payment and processing systems. Much of this information is protected by the parties as trade secrets and confidential business information. Some of the discovery may include trade secrets and confidential business information of third parties. The parties could be harmed if this information were disclosed to the parties' competitors and other third parties and if it were used for purposes other than this litigation by the parties themselves. Accordingly, the parties to this action, through their counsel of record, hereby stipulate to the following:

1. ***Application of this Protective Order.*** All information, testimony, things or documents produced or given (either by a party or by a non-party) as part of discovery in this action shall be governed by this Protective Order ("Covered Material"). This Protective Order permits the parties to designate certain material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL'S EYES ONLY" (hereafter collectively referred to as "Protected Material").

## DESIGNATION OF DOCUMENTS

2. ***CONFIDENTIAL designation.*** A party ("the Designating Party") or non-party ("the Designating Non-Party") may designate as "CONFIDENTIAL" that portion of any Covered Material that is or contains confidential information that the producing party reasonably believes not to be in the public domain, including trade secrets, financial, technical, marketing, product planning or commercial information of the Designating Party or Designating Non-Party.

3. ***HIGHLY CONFIDENTIAL designation.*** A party or non-party may designate as "HIGHLY CONFIDENTIAL" that portion of any Covered Material that is or contains confidential technical, financial, marketing, product planning, personal or commercial information which the Designating Party or Designating Non-Party believes in good faith to be highly sensitive and which, if disclosed to persons other than those listed in paragraph 14, is likely to cause substantial competitive harm which cannot be prevented through less restrictive means. The purpose of this designation is to allow counsel for the parties to consult with a limited number of designated business people (as described in paragraph 14) concerning highly

confidential technical materials and other highly confidential materials that do not warrant an "ATTORNEYS' EYES ONLY" designation.

4. ***ATTORNEYS' EYES ONLY designation***. A party or non-party may designate as "ATTORNEYS' EYES ONLY" that portion of any Covered Material that is or contains confidential financial, marketing, product planning, pricing, personal, technical or commercial information which the Designating Party or Designating Non-Party believes in good faith to be of the highest possible sensitivity and which, if disclosed to persons other than those listed in paragraph 12, is likely to cause substantial competitive harm which cannot be prevented through less restrictive means. The purpose of this designation is to protect confidential materials that are so sensitive that they cannot reasonably be disclosed even to a small number of designated business people as in the case of materials that are designated as "HIGHLY CONFIDENTIAL." Examples of materials that might appropriately be designated "ATTORNEYS' EYES ONLY" include strategic business plans and competitive pricing information.

5. ***OUTSIDE COUNSEL'S EYES ONLY designation***. A party or non-party may designate as "OUTSIDE COUNSEL'S EYES ONLY" that portion of any Covered Material that is or contains confidential financial, marketing, product planning, pricing, personal, technical or commercial information which the Designating Party or Designating Non-Party believes in good faith to be of the most extreme possible sensitivity and which, if disclosed to any representative of any party other than the Designating Party or designating Non-Party, including even in-house counsel, is likely to cause substantial competitive harm which cannot be prevented through less restrictive means. The purpose of this designation is to protect confidential materials that are so sensitive that they cannot reasonably be disclosed even to in-house counsel as in the case of materials that are designated "ATTORNEYS' EYES ONLY," and it is anticipated that the designation will be used extremely sparingly.

6. ***Good faith determination***. Prior to designating any Covered Material as "CONFIDENTIAL, " "HIGHLY CONFIDENTIAL, ""ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL'S EYES ONLY" under this Protective Order, counsel for the Designating Party or Designating Non-Party shall make a good faith determination that the particular protection is warranted under Federal Rule of Civil Procedure 26(c). The "OUTSIDE COUNSEL'S EYES ONLY" and "ATTORNEYS' EYES ONLY" designations, in particular,

3
[PROPOSED] FOURTH AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
*Visa U.S.A. Inc. v. First Data Corporation, et al.*, C02-1786 JSW EMC
#23005 v1

shall be used sparingly for material that is truly of the highest sensitivity and that cannot reasonably be disclosed even to a small number of designated non-attorney representatives and in-house counsel. The Designating Party or Designating Non-Party shall not use the "OUTSIDE COUNSEL'S EYES ONLY" or "ATTORNEYS' EYES ONLY" designations unreasonably to preclude a party from receiving technical and other specialized assistance from its designated non-attorney representatives and thereby defeat the purpose of the "HIGHLY CONFIDENTIAL" designation.

7. ***Designating and Marking Protected Material.*** Protected Material to be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL'S EYES ONLY" pursuant to this Protective Order shall be designated and marked as follows:

a. ***Documents:*** Documents may be designated as "CONFIDENTIAL" by placing the following legend on any such document or image of such document: "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." Documents may be designated as "HIGHLY CONFIDENTIAL" by placing the following legend on any such document or image of such document: "HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." Documents may be designated as "ATTORNEYS' EYES ONLY" by placing the following legend on any such document or image of such document: "ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER." Documents may be designated as "OUTSIDE COUNSEL'S EYES ONLY" by placing the following legend on any such document or image of such document: "OUTSIDE COUNSEL'S EYES ONLY SUBJECT TO PROTECTIVE ORDER." Such legends shall be placed upon the first page of each document or its image containing Protected Material and upon each page within such document or its image considered to contain Protected Material.

b. ***Magnetic Media Documents***: Where a document is produced in a magnetic medium (such as floppy diskette, compact disc, CD-ROM, or tape), the medium container, and if practical, the document itself shall be marked or stickered with the appropriate confidentiality notice as described in paragraph 6(a) above. To the extent that any party prints any of the information contained on magnetic media that is designated as Protected Material, such printouts will be marked as described in paragraph 6(a) above.

    c.    ***Physical Exhibits***: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in paragraph 6(a) above.

    d.    ***Written Discovery***: In the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate confidentiality notice as described in paragraph 6(a) above shall be placed on each answer or response that contains Protected Material.

    e.    ***Deposition Proceedings***: Counsel for the parties agree that the Designating Party or Designating Non-Party shall make a good faith effort to designate only specific portions of a deposition transcript as Protected Material. Deposition transcripts shall be treated as Protected Material until thirty (30) days after receipt of the deposition transcript by counsel for the witness. After that date, the transcript and information revealed during the deposition shall cease to be Protected Material unless, at the deposition and on the record, or in writing before the 30 days have expired, the witness, his or her employer or his or her counsel designates the deposition transcript, or portions thereof (including exhibits) as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL'S EYES ONLY." In the case of the deposition of a non-party witness, any party or the non-party witness, his or her employer, or his or her counsel may designate the transcript and information revealed as Protected Material either by a statement to such effect on the record in the course of the deposition, or in writing within 30 days of receipt of the deposition by the non-party witness or counsel for the witness.

Upon designation of the transcript on the record, during the deposition, any person to whom access to said Protected Material is not permitted under the terms of this Protective Order shall depart the room in which the deposition is held. The Court Reporter or other person recording the proceedings shall separately bind any portion of the transcript of the deposition or hearing which has been designated as Protected Material and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent, to the Court, and to counsel for the parties bound by the terms of this Protective Order.

With regard to designations made within 30 days after receipt of the deposition transcript of a deposition, counsel shall make such designations by sending written notice to the Court

Reporter, to counsel for the parties, and to any other person known to have a copy of said transcript. The notice shall reference this Protective Order, identify the appropriate level of confidentiality, and identify the pages and/or exhibits so designated. All copies of transcripts designated in this fashion shall be marked with a notice indicating the appropriate level of confidentiality of the material and shall be governed by the terms of this Protective Order.

8. ***Inadvertent Misdesignation.*** A Designating Party or Designating Non-Party that inadvertently fails to mark an item as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL'S EYES ONLY" (or marks an item with an incorrect designation of confidentiality) at the time of the production shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter. Any such misdesignated material shall be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL'S EYES ONLY" as soon as reasonably possible after the producing party or non-party becomes aware of the inadvertent failure to mark or incorrect designation of confidentiality. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as Protected Material. Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked or misdesignated items and all copies thereof. Any disclosure or use by the receiving party, prior to receiving notice of the misdesignation, of material incorrectly designated shall not be deemed a violation of this order.

9. ***Inadvertent Production.*** Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party that the producing party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or

6
[PROPOSED] FOURTH AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
*Visa U.S.A. Inc. v. First Data Corporation, et al.*, C02-1786 JSW EMC
#23005 v1

more parties, the possessing parties shall within five (5) business days destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document. After a document is destroyed or returned pursuant to this paragraph, a party may move the Court for an order compelling production of the document.

10. ***Challenging Designation of Materials as Confidential.*** A party may challenge the designation of Protected Material only as follows:

a. If a party believes that material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL'S EYES ONLY" by a Designating Party is not in fact the proper subject matter for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, then such person ("the Person Seeking Re-Designation") shall provide to the Designating Party written notice of this disagreement with the designation. The Person Seeking Re-Designation and the Designating Party shall then have ten (10) days to attempt to resolve such dispute in good faith on an informal basis.

b. If the Person Seeking Re-Designation and the Designating Party are unable to resolve their dispute informally, then the Designating Party may request appropriate relief from the Court. If no motion is filed within twenty (20) days after the time limit for the parties to resolve the dispute, the designation will be lost. In the event a motion is filed, it shall be the burden of the Designating Party to establish that the contested material is confidential and/or is entitled to the level of confidentiality selected by the Designating Party. The material involved shall be treated according to its original designation while such motion is pending.

c. If a party believes that material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL'S EYES ONLY" by a Designating Non-Party is not in fact the proper subject matter for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, then the Person Seeking Re-Designation shall provide to the Designating Non-Party written notice of this disagreement with the

designation. The Person Seeking Re-Designation and the Designating Non-Party shall then have twenty (20) days to attempt to resolve such dispute in good faith on an informal basis.

        d.     If the Person Seeking Re-Designation and the Designating Non-Party are unable to resolve their dispute informally, then the Person Seeking Re-Designation may request appropriate relief from the Court. In the event a motion is filed, it shall be the burden of the Designating Non-Party to establish that the contested material is confidential and/or is entitled to the level of confidentiality selected by the Designating Non-Party. The material involved shall be treated according to its original designation while such motion is pending.

## LIMITATIONS ON USE AND DISCLOSURE OF COVERED MATTER

11.    ***Use of Protected Material.***  All materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL'S EYES ONLY" shall be used by the party or parties to whom the information is produced solely for preparation and trial of this action, including any appeal and retrial, and shall not use such materials for any other purpose, including the furtherance of that person's business interests or in any administrative or judicial proceeding. Nothing in this Order shall limit or restrict a party's rights, if any, to use its own material. Furthermore, nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

12.    ***Use of ATTORNEYS' EYES ONLY Materials.***  Materials designated as "ATTORNEYS' EYES ONLY" may be disclosed only to the persons listed below. Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel for the receiving party from providing to the client informed and meaningful advice with respect to this action.

        a.     ***Outside Counsel of Record.***  Outside counsel of record for the respective parties to this litigation, including necessary secretarial, clerical, litigation support, or copy service personnel assisting such counsel in this case, whether employed by counsel or outside contractors. Outside counsel will be responsible for any breaches of this Order by any of the secretarial, clerical, administrative or support staff acting under outside counsel's supervision.

        b.     ***Consultants and Experts.***  Individual consultants or expert witnesses who are retained for and perform services in connection with, or who perform services at firms that have

8

[PROPOSED] FOURTH AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
*Visa U.S.A. Inc. v. First Data Corporation, et al.*, C02-1786 JSW EMC

#23005 v1

been retained in connection with, the prosecution or defense of this litigation and not an employee, director or officer of a party, provided that any such consultant or expert executes a copy of the certification attached to this Order before receiving any disclosure. Any disclosure of Protected Material made pursuant to this paragraph shall be solely for the purpose of assisting counsel in the prosecution or defense of this action and for no other purpose. Any portion of reports, statistical data or other material created by the consultants or expert witnesses incorporating or relying upon Protected Material designated as Outside Counsel's Eyes Only and produced by certain designated Third Parties[1] shall be governed by the provisions of Paragraph 22, and any portion of such reports, statistical data or other material that quotes or discusses a particular agreement signed by one of these Third Parties shall itself be designated as Outside Counsel's Eyes Only.

    c.    ***Inside Counsel.*** Up to five (5) inside counsel for each party who may be designated by the parties, as well as the designated inside counsel's necessary secretarial, clerical, litigation support, or copy service personnel. For purposes of this paragraph, First Data Corporation, First Data Resources, Inc. and First Data Merchant Services Corporation count as one party. The inside counsel shall be required to sign a copy of the Certification annexed to this Order which shall be provided to the other parties. A party may substitute a new inside counsel upon notice to and provision of an executed Certification to the Designating Party or Designating Non-Party, after which time only the newly substituted inside counsel shall be allowed access to "ATTORNEYS' EYES ONLY" information. Inside counsel will be responsible for any breaches of this Order by any of the secretarial, clerical, administrative or support staff acting under inside counsel's supervision.

    d.    ***The Court, Court personnel and court reporters in connection with this action.***

    e.    ***Witnesses.*** Witnesses where at least one of the following conditions applies:

        i.    the witness is a current employee of the Designating Party or Designating Non-Party;

---

[1] The Third Parties are JP Morgan Chase Bank, N.A.; Bank of America, N.A.; Capital One Bank; Capital One, F.S.B.; Capital One Services, Inc.; Commerce Bank, N.A.; FACS Group, Inc.; First National of Nebraska, Inc.; First National Bank of Omaha; Providian Financial Corp.; U.S. Bancorp; U.S. Bank National Association ND; U.S. Bank, N.A.; Wells Fargo Bank, N.A.; and MBNA America Bank, N.A.

[PROPOSED] FOURTH AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
*Visa U.S.A. Inc. v. First Data Corporation, et al.*, C02-1786 JSW EMC

#23005 v1

        ii.     the attorney taking the deposition and showing the witness the Protected Material represents the Designating Party;

        iii.    it appears from the Protected Material that the witness either wrote, received, or had access to the Protected Material, or it is otherwise established that the witness either wrote, received or had access to the Protected Material or knows the information contained within it;

        iv.    the Designating Party or Designating Non-Party consents to the showing of the Protected Material to the witness and the party representing the witness is so informed; or

        v.     at least five (5) business days before the deposition, the party wishing to show the witness the Protected Material notifies the Designating Party or Designating Non-Party and the other parties of that desire via facsimile or e-mail, with a specific listing of the Protected Material to be so shown, and the Designating Party or Designating Non-Party fails to object in writing to such showing within that five (5) business day period. If such objection in writing is made, such Protected Material will not be shown to the witness until and unless the party wishing to show the Protected Material to the witness moves for and obtains appropriate relief from the Court upon good cause shown. All written objections pursuant to this paragraph must be served on all parties. A witness who is shown Protected Material under subparagraph (e) (ii), (iii), (iv), or (v) shall not be allowed to retain copies of the Protected Material. However, a witness who was shown Protected Material during a deposition may review the Protected Material while reviewing his or her transcript, provided that any Protected Material is not retained by the witness after he or she has completed his or her review of the transcript for accuracy.

    13.    ***Use of OUTSIDE COUNSEL'S EYES ONLY Materials.*** Materials designated as "OUTSIDE COUNSEL'S EYES ONLY" may be disclosed only to the persons listed in Paragraph 12, except for those persons in Paragraph 12(c) [the in-house counsel]. Additionally, any disclosure of Protected Material designated as "OUTSIDE COUNSEL'S EYES ONLY" made pursuant to Paragraph 12(b) [consultants and experts] to the consultants or expert witnesses previously identified to the Third Parties shall only be shared by those consultants or expert witnesses with individuals who have executed the certification attached to this order, including but not limited to individuals employed by consulting firms and/or other

10
[PROPOSED] FOURTH AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
*Visa U.S.A. Inc. v. First Data Corporation, et al.*, C02-1786 JSW EMC
#23005 v1

support staff with which the consultant or expert witness is associated. No disclosure of Protected Material designated as "OUTSIDE COUNSEL'S EYES ONLY" made pursuant to Paragraph 12(b) [consultants and experts] shall be made to consultants, expert witnesses or their firms not previously identified to the Third Parties. Finally, disclosure of Protected Material of the Third Parties designated as "OUTSIDE COUNSEL'S EYES ONLY", made pursuant to Paragraph 12(e) [witnesses], shall be made only to witnesses who are personnel of Visa, Visa subsidiaries, or the Designating Third Party. Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel for the receiving party from providing to client and its in-house counsel informed and meaningful advice with respect to this action.

14. ***Use of HIGHLY CONFIDENTIAL Materials.*** Materials designated as "HIGHLY CONFIDENTIAL" may be disclosed only to the persons listed below.

    a.    Persons designated in paragraph 12.

    b.    ***Employee Representatives.*** Visa U.S.A. Inc. may designate up to ten (10) representatives who are employees of Visa U.S.A. Inc. or its affiliate Inovant subject to the conditions set forth herein. Defendants First Data Corporation, First Data Resources, Inc. and First Data Merchant Services Corporation may collectively designate up to ten (10) representatives who are employees of First Data Corporation, First Data Resources, Inc. or First Data Merchant Services Corporation subject to the conditions set forth herein. A party wishing to disclose "HIGHLY CONFIDENTIAL" materials pursuant to this paragraph first must identify in writing its proposed representatives by name, title and principal job responsibilities. After receipt of such identifying information, the other parties have ten (10) days in which to object to the party's designation of a representative. If there is no objection within that ten (10) day period, the party's designated representative may then be shown "HIGHLY CONFIDENTIAL" material provided that each designated representative executes, before receiving any disclosure, a copy of the Certification attached to this Order, which executed Certification shall be provided to the other parties upon reasonable request. If a party objects within ten (10) days to another party's designation of a representative pursuant to this subparagraph, the parties shall meet and confer to attempt to resolve their dispute. If the parties are unable to reach an agreement, the party seeking to make a disclosure pursuant to this subparagraph to a particular employee must bring a motion and obtain leave of the Court before making any such disclosure. If a person

11
[PROPOSED] FOURTH AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
*Visa U.S.A. Inc. v. First Data Corporation, et al.*, C02-1786 JSW EMC
#23005 v1

designated as a representative under this paragraph ceases to be employed by a party, a new representative may be substituted upon notice to the other parties, subject to the approval process described above and further provided that the substituted representative executes a copy of the Certification attached to this Order prior to receiving any Protected Material. Any disclosure of Protected Material made pursuant to this paragraph shall be solely for the purpose of assisting counsel in the prosecution or defense of this action and for no other purpose. An employee representative being shown Protected Material under this subparagraph shall not be allowed to retain a copy of the Protected Material any longer than necessary to provide assistance to counsel.

15. ***Disclosure of CONFIDENTIAL Materials.*** Materials designated as "CONFIDENTIAL" may be revealed to the persons designated in paragraphs 12 and 14 above, as well as any employee of any party to the litigation, provided that any such employee executes a copy of the certification attached to this Order before receiving any disclosure. Any disclosure of Protected Material made pursuant to this paragraph shall be solely for the purpose of assisting counsel in the prosecution or defense of this action and for no other purpose.

16. ***Submission of Protected Material to the Court.*** If counsel seek to file with the Court documents that have been designated as Protected Material by a party or non-party not represented by that counsel, the filing counsel shall bring a motion to file such documents under seal according to the procedures set forth in Civil Local Rule 79-5 and shall lodge the documents containing the Protected Material in accordance with Civil Local Rule 79-5(c). Where a party seeks to submit to the Court documents that have been designated as Protected Material by the submitting party, the submitting party may, in its discretion, bring a motion to file such documents under seal according to the procedures set forth in Civil Local Rule 79-5. When a submitting party declines to seek an order sealing documents submitted to the Court containing its own Protected Material, the submitted material will no longer qualify for protection as Protected Material under this Protective Order.

17. ***Use of Protected Material During Trial.*** The parties shall provide at least 5 days' notice to the Designating Party or Designating Non-Party before disclosing Protected Material designated as "OUTSIDE COUNSEL'S EYES ONLY" as part of the public record, including, but not limited to, disclosure of such Protected Material in examination or cross-

12
[PROPOSED] FOURTH AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
*Visa U.S.A. Inc. v. First Data Corporation, et al.*, C02-1786 JSW EMC

#23005 v1

examination of witnesses, opening statements or closing arguments, trial exhibits, or other public filings with the Court. The parties and non-parties agree to meet and confer with respect to any requests to the Court to establish protective procedures governing the disclosure of Protected Material designated as "OUTSIDE COUNSEL'S EYES ONLY" at any hearing or trial in this case. The parties and non-parties agree to meet and confer in good faith prior to trial or other evidentiary hearing to establish additional procedures for the use of Protected Material at trial or other evidentiary hearing.

18. ***Protecting Protected Material.*** Any person who receives any Protected Material shall maintain such material in accordance with this Protective Order and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such material.

19. ***Improper Disclosure of Protected Material.*** If any Protected Material is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the Designating Party or Designating Non-Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including the name, address and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

20. ***Use of Protected Material by the Designating Party or Designating Non-Party.*** Nothing in this Protective Order shall be construed as a limitation on a Designating Party's or Designating Non-Party's ability to show materials which that entity has designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL'S EYES ONLY" to whomever the Designating Party or Designating Non-Party may deem appropriate, nor will it be construed as a limitation on a party's ability to show materials designated by another party or non-party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL'S EYES ONLY" to that Designating Party or Designating Non-Party, including any present employee thereof.

13
[PROPOSED] FOURTH AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
*Visa U.S.A. Inc. v. First Data Corporation, et al.*, C02-1786 JSW EMC
#23005 v1

21. ***Discovery Requests Made to Non-parties.*** The parties may serve a copy of this Protective Order simultaneously with any discovery request made to a non-party in this action.

22. ***Conclusion of Litigation.*** All provisions of this Protective Order restricting the communication or use of Protected Material shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, including the running of any time to appeal or to move for relief under Fed. R. Civ. P. 60(b)(1)-(3), a party in possession of Protected Material, other than that which is contained in pleadings, correspondence, deposition transcripts and exhibits, trial transcripts and trial exhibits shall within sixty days from such conclusion return or destroy such Protected Material, excepting that any Protected Material that any party reasonably believes may be the subject of discovery or otherwise relevant to any currently pending or threatened litigation against any party to this action, including but not limited to *In re Master Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 1:05 MD 1720 (JG)(JO), currently pending in the Eastern District of New York, shall be retained by such party in possession thereof for the pendency of such matter or such other time that is deemed by such party as reasonable under the circumstances. Within sixty days following the end of such period, the retained Protected Material shall be returned or destroyed. Protected Materials retained pursuant to the provisions of this paragraph are not to be used or distributed for any purpose other than compliance with production requests in pending or threatened litigation.

## GENERAL PROVISIONS

23. ***Jurisdiction.*** Any person receiving Protected Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

24. ***No Admissions.*** Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, and adherence to this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential or a trade secret.

25. **Modification of Protective Order.** Each party reserves the right to apply to the Court to modify the terms of this Protective Order in the event that the party believes that it is necessary. In the event such an application is made, all persons described herein shall be bound by this Protective Order until it is modified by the Court.

26. **Counterparts.** This document may be signed in counterpart, and each such counterpart shall be deemed an original.

**SO STIPULATED:**

Dated: July 6, 2006     HOLME ROBERTS & OWEN LLP

By: *Robert Stolebarger /AB*
Robert L. Stolebarger
Attorneys for VISA U.S.A. INC.

Dated: July 5, 2006     BINGHAM McCUTCHEN LLP

By: *[signature]*
Beth H. Parker
Attorneys for FIRST DATA CORPORATION, FIRST DATA RESOURCES INC., FIRST DATA MERCHANT SERVICES CORPORATION, and UNIFIED MERCHANT SERVICES

**IT IS SO ORDERED.**
Dated: July 7, 2006

*Jeffrey S. White*
Hon. Jeffrey S. White
United States District Judge

---

15

[PROPOSED] FOURTH AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
*Visa U.S.A. Inc. v. First Data Corporation, et al.*, C02-1786 JSW EMC

#23005 v1

| | |
|---|---|
| VISA U.S.A. INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION, a Delaware corporation; FIRST DATA RESOURCES, INC., a Delaware corporation; and FIRST DATA MERCHANT SERVICES CORPORATION, a Florida corporation,<br><br>Defendants. | Case No. C-02-1786 JSW (EMC)<br><br>**AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION**<br><br>The Honorable Jeffrey S. White |
| AND RELATED COUNTERCLAIM. | |

I, _____ declare:

1. My address is _____

My present employer and title are _____

2. I have received a copy of the STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION ("the protective order") in this action. I have carefully read and understand the provisions of the protective order.

3. I am counsel for a party to this action or am assisting counsel or an expert witness or consultant for a party in the prosecution or defense of this action. My review of any Protected Material shall be solely for that purpose and for no other purpose.

4. I will comply with all of the provisions of the protective order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the protective order, and will not copy or use except for purposes of this action, any Protected Material which I receive in this action. I understand that any unauthorized use or disclosure of the Protected Material I receive constitutes a violation of this protective order which may be redressed by an appropriate remedy, including, but not limited to contempt of court. I submit to the jurisdiction of the above entitled Court for the purposes of enforcement of this protective order. If I am counsel to a party to this action, I understand and agree that I am responsible for

any breaches of the Protective Order by any administrative, clerical or support staff working under my supervision.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 200_, at _____
_____.

                                Signed: _____

**GENERAL ORDER 45 ATTESTATION**

I, _____, am the ECF User whose ID and password are being used to file the [PROPOSED] THIRD AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION. In compliance with General Order 45, X.B., I hereby attest that Robert L. Stolebarger and Beth H. Parker have concurred in this filing.

_____

3

[PROPOSED] FOURTH AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
*Visa U.S.A. Inc. v. First Data Corporation, et al.*, C02-1786 JSW EMC

#23005 v1